UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA L. JOHNSON<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO.<br>3:11-cv-1106 (VLB) |
| STATE OF CONNECTICUT<br>DEPARTMENT OF ADMINISTRATIVE<br>SERVICES,<br>    Defendant. | : <br> : <br> : <br> : <br> : | <br><br><br><br>February 9, 2012 |

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO STRIKE [DKT. #11]

On July 5, 2011, Plaintiff Rebecca Johnson filed this single-count complaint against the State of Connecticut Department of Administrative Services ["DAS"] alleging failure to hire on the basis of racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Johnson originally filed her claim against DAS along with a claim by Sowatei Lomotey against the Connecticut Department of Transportation, and a claim by Stella Agu against the Connecticut Department of Mental Health and Addiction Services. On June 20, 2011 the Court ordered Johnson to file an amended complaint by July 5, 2011 severing her claims from those of Lomotey and Agu.

Johnson's complaint [Dkt. #1], purports to bring a class action described as follows:

> "on her own behalf, and on behalf of all other black, African Americans similarly situated (seeking access and/or promotion to supervisory or management opportunities) and who are subjected to and affected by

> the racially discriminatory and unlawful employment practices committed by the Defendant employer. Furthermore, Plaintiff brings this action on her own behalf and on behalf all other black, African Americans who will in the future apply to the Defendant employer for employment or promotion into supervisory or management vacancies." [Dkt. #1, Compl., ¶3].

Defendant, DAS has filed a motion to strike the class action allegations from Johnson's complaint. [Dkt. #11]. On November 23, 2011, the Court ordered Plaintiff to file a Memorandum of Law stating:

> "the legal basis upon which she is entitled to maintain and obtain discovery to establish the efficacy of a class action in light of the lack of particularized facts in her Complaint. See Oppenheimer v. F.J. Young & Co., Inc., 3 F.R.D. 220 (S.D.N.Y. 1943) (" 'A suit is not truly a 'representative suit' merely because the plaintiff, as here, so designates it; whether it is depends on the attending facts.' ") (citation omitted); see also D&A Motors, Inc. v. General Motors Corp., 19 F.R.D. 365 (S.D.N.Y. 1956)(finding that Plaintiffs failed to adequately define the class, noting that "the spurious class action is essentially a device for permissive joinder [...] its appropriateness in a given case must be tested in terms of the advisability of joining all claims within the described category," and "[f]or this reason, a clear definition of the class is essential."). Defendant may file a response by 12/7/11. Following the submission of both memoranda, the Court will consider the need for a Status Conference to address the issue of a class action." [Dkt. #21].

Having reviewed the memoranda of both Johnson and DAS regarding the efficacy of a class action, the Court holds that Johnson has failed to comply with Fed. R. Civ. P. 23. Plaintiff provided no indication whatsoever in her complaint regarding the numerosity, commonality, typicality. Fed. R. Civ. P. 23(a).

Further, Plaintiff's cursory description of the class action is patently insufficient in light of the Supreme Court's decisions in *General Telephone Co. of*

*Southwest v. Falcon*, 457 U.S. 147 (1982), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S.Ct. 2550 (2011).

In *Falcon* the Supreme Court addressed the evidentiary showing necessary in a pattern-or-practice disparate impact case to support a finding of commonality or typicality, holding that:

> Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact that the individual's claim will be typical of the class claims. For [a plaintiff] to bridge that gap, he must prove much more than the validity of his own claim. 457 U.S. at 157-58.

Although the *Falcon* Court recognized that "[s]ignificant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decisionmaking processes," here, Johnson's complaint includes no more than an unsupported allegation" that DAS has a policy of discrimination." *Id.* at 159 n.15. Following *Falcon*, courts within the Second Circuit have required "that plaintiffs produce some quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or both, tending to show the existence of a class of persons affected by a company-wide policy or practice of discrimination."

*Attenborough v. Const. and General Bldg. Laborers' Local 79*, 238 F.R.D. 82, 95 (S.D.N.Y. 2006) (citations omitted).

In the Supreme Court's recent decision in *Wal-Mart*, the Court emphasized that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury . . . not merely that they have all suffered a violation of the same provision of law." 131 S.Ct. at 2551.  The Supreme Court further elaborated, stating that:

> [E]ven a disparate impact injury gives no cause to believe that all heir claims can productively be litigated at once. Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Id.*

Relying on this precedent, the Court finds that Johnson's sparse and conclusory allegations of a class fall far short of the standard necessary to pursue a class action. Johnson's single sentence allegation seeks to include claims of both failure to hire and failure to promote, which are factually and legally distinct analyses, and refers to "racially discriminatory and unlawful practices," providing no detail whatsoever as to the nature, type or form of these practices, or the individuals by whom these practices are implemented. Accordingly, the Court grants Defendant DAS's motion to strike the class action allegations from Johnson's complaint. Johnson is ordered to file an amended

complaint setting forth solely individualized factual allegations and legal claims by **March 10, 2012.**

                                                           IT IS SO ORDERED.

                                                         _____/s/_____
                                                         **Hon. Vanessa L. Bryant**
                                                         **United States District Judge**

**Dated at Hartford, Connecticut: February 9, 2012**